UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEVAUGHN EDWARDS**,

    Plaintiff,

v.                                                        Case No. 8:24-cv-01676-WFJ-UAM

**AXOGEN, INC.**, **KAREN ZADEREJ**,
**MARC BEGAN**, **LINDSEY PETERSON**,
and **AL JACKS**,

    Defendants.
_____/

## ORDER GRANTING AXOGEN, INC.'S MOTION TO DISMISS

Before the Court is Defendant Axogen Inc.'s motion to dismiss, Doc. 15, Plaintiff DeVaughn Edwards' complaint. Axogen Inc. also requests judicial notice of the relevant business entities' corporate records, which is granted. For the reasons explained below, Axogen Inc.'s motion to dismiss is granted.

## BACKGROUND

FD-AID, LLC is a business engaged in regulatory compliance consulting. Doc. 15 at 2–3. Mr. Edwards, the *pro se* Plaintiff in this action, is the owner of FD-AID. Doc. 1 at 6. FD-AID contracted with Axogen Corporation in May 2024 to provide consulting services. *Id.* Axogen Corp. is a wholly owned subsidiary of Axogen Inc., which is the Defendant in this action. Doc. 15 at 2. As such, neither party to the contract is currently a party in this action.

1

Axogen Corp. contracted for a mock FDA audit to ensure it complied with federal regulations if it received a Biologics License Application for its nerve graft product. *Id.* at 3. FD-AID conducted the audit and submitted three invoices in June and July of 2024, totaling $14,699.21. Doc. 1 at 6. The parties' contract provided that Axogen Corp. would compensate FD-AID within thirty days of invoice submission. *Id.*

Axogen Corp. apparently approved the invoices within two weeks of receipt and submitted payment to Mr. Edwards' address via its third-party bill payor. Doc. 15 at 3–4. Mr. Edwards, however, apparently never received the payment. Doc. 1 at 6.

On July 16, 2024, Mr. Edwards filed his complaint against Axogen Corp. CEO and President Karen Zaderej, its General Counsel Marc Began, its Corporate Controller Lindsey Peterson, and its Vice President of Quality Al Jacks. Docs. 1; 15 at 4. Axogen Inc. (not Axogen Corp.) is listed in the case style and "Basis for Jurisdiction" sections of the complaint, but Axogen Inc. is not listed as a Defendant. Doc. 1 at 1–4. In the "Statement of Claim" section of the complaint, allegations are made as to Axogen Inc. *Id.* at 6. Axogen Corp. is not listed at all.

The complaint alleges breach of contract, and seeks damages for the missing invoices, lost business opportunities, credit card fees, legal counsel and consultation,

2

punitive damages, and damages pursuant to an additional quantum meruit theory of recovery. *Id.* at 7. The total value sought is $83,096.68. *Id.*

Axogen Inc. has moved to dismiss the complaint, Doc. 15, arguing *inter alia* that the Court lacks subject matter jurisdiction, and that the complaint was improperly brought by a non-attorney on behalf of a business entity. Doc. 15 at 4. Axogen Inc. also seeks judicial notice of the public records containing the registration information of the relevant business entities in this action. *Id.* at 2.

The Court ordered Mr. Edwards to respond to this motion by August 26, which he did not formally do. Doc. 18. He has submitted other filings, however, that contain arguments relating to the Court's subject matter jurisdiction. Mr. Edwards asserts that he has properly served process on Axogen Inc., so its jurisdictional argument is moot. Docs. 20 at 1; 21 at 3. He asserts that Axogen Inc.'s focus on diversity jurisdiction is misplaced because this Court has jurisdiction over "federal question claims that arise from contractual and other obligations under federal law." Doc. 20 at 1.

The Court finds that it lacks subject matter jurisdiction, and also agrees that to the extent Mr. Edwards is bringing this action on behalf of FD-AID, this arrangement is impermissible. Axogen Inc.'s motion to dismiss and request for judicial notice, Doc. 15, is therefore granted for the reasons explained below.

## LEGAL STANDARD

3

As an initial matter here, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

As to Axogen Inc.'s motion to dismiss, a party may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A challenge to subject matter jurisdiction can be either "facial" or "factual." *Morrison v. Amway Corp.*, 323 F.3d 920, 924–25, n.5 (11th Cir. 2003). A facial challenge to subject matter jurisdiction is based on the allegations in the complaint. *Id.* The court accepts them as true when deciding the motion. *Id.* Factual attacks on subject matter jurisdiction challenge jurisdiction "in fact." *Id.* This permits the court to consider extrinsic evidence of jurisdiction beyond the pleadings, like testimony and affidavits. *Id.*

In deciding a motion to dismiss, a court may consider a document attached to the motion if it is central to the plaintiff's claims and its authenticity is not disputed. *Demeter v. Little Gasparilla Island Fire & Rescue, Inc.*, No. 2:16-cv-264-FtM-38CM, 2017 WL 662006, at *1 (M.D. Fla. Feb. 17, 2017) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Further, a district court may take judicial notice of certain facts when considering a motion to dismiss, including public records. *Id.* (citing *Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006)).

**DISCUSSION**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts can exercise federal question jurisdiction, which is original jurisdiction over civil lawsuits that arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts may also exercise diversity jurisdiction, which exists when the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a).

Citizenship of a natural person is determined by their domicile—the place of someone's permanent home and where they intend to return whenever they are away. *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). The citizenship of a corporation is based both on its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

At the outset, the Court takes judicial notice of the corporate records from the Florida Department of State and Minnesota Secretary of State websites showing the business entity information for Axogen Inc., Axogen Corp., and FD-AID. Doc. 15-1 at 2–4, 6–7, 9–10; *see Demeter*, 2017 WL 662006, at *2 (taking judicial notice of corporate records from the Florida Department of State, Division of Corporations

5

website (Sunbiz) at dismissal stage); *American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1082 (S.D. Fla. 2019) (same).

## I. There is no complete diversity in this case.

Here, while the basis for jurisdiction is alleged to be diversity of citizenship in the complaint, Doc. 1 at 3, it is clear that every party is Floridian. Doc. 15 at 7. The Plaintiff, Mr. Edwards, resides in Florida. Doc. 1 at 3. The individuals named as Defendants—Ms. Zaderej, Ms. Peterson, Mr. Began, and Mr. Jacks—are all residents of Florida. Doc. 15-1 at 13. They are all Floridian for the purposes of diversity jurisdiction. *McCormick*, 293 F.3d at 1257–58.

As a brief aside, the Court next must conclude that Mr. Edwards has named Axogen Inc. as a party in this case. While Axogen Inc. is not listed as a party in the complaint, Doc. 1 at 2, it is included as a Defendant in the case style and as a Defendant in the "Basis for Jurisdiction" section of the complaint, Doc. 1 at 1, 4. Mr. Edwards alleges in his statement of the claim that he entered into a contract with Axogen Inc., Doc. 1 at 6, and the Court issued a summons as to Axogen Inc., Doc. 12. As *pro se* filings are construed liberally, the Court finds that Mr. Edwards has included Axogen Inc. as a party in this case.[1] *See Tannenbaum*, 148 F.3d at 1263; *Lietzke v. County of Montgomery*, No. 2:07-cv-943-WKW, 2008 WL 616063, at *1

---

[1] Whether Axogen Inc. is the correct party, however, is questionable as Axogen Inc. contends that Mr. Edwards' LLC contracted with Axogen Corp., which is a different entity. Doc. 15 at 2.

(M.D. Ala. Mar. 3, 2008) (finding that the county was also a defendant where *pro se* plaintiff only listed two individual defendants in case style, but made allegations against the county in complaint); *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir. 1964) (explaining that case style is not regarded as containing any part of plaintiff's claim, but rather allegations in complaint determine nature of plaintiff's claim). This finding is to no avail, however, since Axogen Inc. is a Minnesota corporation with its principal place of business in Florida, making it a citizen of Florida. Doc. 15-1 at 2; 28 U.S.C. § 1332(c).

As Axogen Inc. points out, even if the parties to the contract were substituted as parties in this case, FD-AID and Axogen Corp. are still both Floridian. Doc. 15 at 7. FD-AID is a Florida LLC whose sole member, Mr. Edwards, is a Florida resident. Doc. 15-1 at 9. FD-AID is therefore a citizen of Florida for purposes of jurisdiction. *Rolling Greens*, 374 F.3d at 1022. Axogen Corp. is a Delaware corporation with its principal place of business in Florida. Doc. 15-1 at 6. It is also, therefore, a citizen of Florida. 28 U.S.C. § 1332(c).

Consequently, all the parties (and potential parties) to this case are citizens of Florida. There is therefore not any diversity of citizenship that would support diversity jurisdiction in this case. 28 U.S.C. § 1332(a). Factually, subject matter jurisdiction does not exist, and the case is due to be dismissed. Fed. R. Civ. P. 12(b)(1).

## II. The amount in controversy does not exceed $75,000 as a matter of law.

Moreover, Axogen Inc. is also correct that facially the amount in controversy does not exceed $75,000 as a matter of law. Doc. 15 at 5–6. Mr. Edwards seeks $83,096.68 in damages, $10,000 of which is based on a claim for punitive damages. Doc. 1 at 7. Yet Mr. Edwards' complaint is a breach of contract action. *Id.* at 6. The law in Florida is that "punitive damages are generally not available for breach of contract claims unless the breach of contract claim is accompanied by a separate and independent tort claim." *Tibbetts Lumber Co. v. Amerisure Ins. Co.*, No. 8:19-cv-1275-KKM-AAS, 2021 WL 4502305, at *2 (M.D. Fla. June 11, 2021) (citation omitted).

And while the Court must accept the damages pled as true at this juncture, it need not consider punitive damages for jurisdictional amount-in-controversy purposes if it is apparent to a legal certainty that they are not recoverable. *Roca Labs, Inc. v. Randazza*, No. 8:14-cv-3014-T-24MAP, 2015 WL 248762, at *3 (M.D. Fla. Jan. 20, 2015) (citation omitted). Therefore, here, the $10,000 in punitive damages Mr. Edwards seeks for his breach of contract action is not recoverable under Florida law. *Tibbetts Lumber*, 2021 WL 4502305, at *2. As such, the Court need not consider it as part of the amount in controversy. *Roca Labs*, 2015 WL 248762, at *3. Less $10,000, the amount Mr. Edwards seeks to recover is $73,096.68. Since the amount

8

in controversy does not exceed $75,000, the Court lacks subject matter jurisdiction over this case. 28 U.S.C. § 1332(a).

### III. The Court also lacks federal question jurisdiction.

While Mr. Edwards did not bring this action as a federal question, Doc. 1 at 3, *pro se* filings are construed liberally, so the Court will nonetheless address the statutes cited in Mr. Edwards' filings. *But see Butler v. Morgan*, 562 F. App'x 832, 835 (11th Cir. 2014) (explaining that mere reference to federal law in complaint is inadequate to demonstrate federal question jurisdiction).

The Court does this to quickly note that none of the statutes cited by Mr. Edwards provide private causes of action. First, Mr. Edwards cites 15 U.S.C. § 45, the Federal Trade Commission Act, as support for his legal claims. Doc. 1 at 6. The FTC Act does not provide for a private right of action. *Tershakovec v. Ford Motor Company, Inc.*, 79 F.4th 1299, 1318 (11th Cir. 2023) (Tjoflat, J., concurring) (citations omitted).

Other assertions also fail. 18 U.S.C. § 1343, cited Doc. 1 at 6, is a criminal wire fraud statute that does not create a private cause of action. *Truthinadvertisingenforcers.com v. My Pillow, Inc.*, No. 8:17-cv-169-T-33AAS, 2017 WL 382725, at *2 (M.D. Fla. Jan. 27, 2017) (citation omitted). Likewise, 31 U.S.C. § 3901, the Prompt Payment Act cited Doc. 9 at 8, was created to make federally awarded contracts include a clause that requires prime contractors to timely

9

pay subcontractors. *United States ex rel. Breaker Electric, Inc. v. Valiant Group, LLC*, No. 23-16815 (MAS) (JBD), 2024 WL 1930175, at *2 (D.N.J. Apr. 30, 2024). It does not create a private cause of action. *See id.* at *3; *Lighting Retrofit Int'l, LLC v. Constellation NewEnergy, Inc.*, 586 F. Supp. 3d 452, 465 (D. Md. 2022).

Mr. Edwards' action, therefore, does not arise under any of the laws of the United States he has referenced. This Court consequently lacks subject matter jurisdiction, both federal question and diversity, over this lawsuit as it is pled. 28 U.S.C. §§ 1331, 1332(a).

### IV.     Mr. Edwards, as a non-attorney, may not represent FD-AID.

Furthermore, Axogen Inc. correctly points out that Mr. Edwards may not represent FD-AID as a non-attorney. Doc. 15 at 10. The breach of contract claim would involve the parties to the contract: FD-AID and Axogen Corp. It is impermissible for Mr. Edwards to pursue this action on behalf of FD-AID.

*Decosey v. Facebook Inc.*, No. 6:14-cv-2038-Orl-41KRS, 2014 WL 12873404, at *1 (M.D. Fla. Dec. 15, 2014), *report and recommendation adopted*, 2015 WL 13792023 addressed the same situation:

> It appears that [Plaintiff] is attempting to file a lawsuit on behalf of [his] LLC. [Plaintiff] does not appear to be lawyer who is a member of the Florida Bar, and [he] is not a lawyer who is a member of the bar of this Court. "It is well-settled that although individuals may appear in court *pro se*, a corporation cannot be represented in a legal action by a non-lawyer employee, officer or shareholder." *Simon v. Leaderscape LLC*, No. 06-80797-CIV, 2007 WL 1879393, at * 1 (S.D. Fla. June 26, 2007). Therefore, to the extent that [Plaintiff] intended to file this case

on behalf of [his] LLC, the complaint must be dismissed because [he] cannot prosecute this action on behalf of the LLC.

Here, Mr. Edwards filed this breach of contract action on behalf of his LLC: his complaint must be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: Axogen, Inc.'s motion to dismiss and request for judicial notice, Doc. 15, is **GRANTED**. Plaintiff's complaint, Doc. 1, is **DISMISSED**.

**DONE AND ORDERED** at Tampa, Florida, on September 23, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*